

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. E. Patterson
County Attorney
Brewster County
Alpine, Texas

Dear Sir:

Opinion No. O-3837
Re: Can a bank as county depository
under a pledge contract and bond
resign as such before the expira-
tion of the term as set out in
its contract and bond?

Your letter of August 2, 1941, requesting an opinion
of this department upon the above stated question has been
received.

Your letter reads in part as follows:

"Can a Bank as County Depository, under a
Pledge Contract and Bond, resign as such before
the expiration of the term as set out in said
Contract and Bond?

"We have but one Bank in Brewster County.
On the 10th day of February, 1941, said Bank
entered into a County Depository Pledge Contract
with Commissioners Court of Brewster County,
Texas. This contract set out that said Bank
was pleding and depositing with the Commissioners
Court of Brewster County, Texas, in sum of
$25,000.00, and then security is described,
as being U. S. Treasury bonds, and their num-
bers. Then said contract and bond recites that
'the conditions of the above contracted are
such, that, whereas, the above bounden pledge,
First National Bank of Alpine, Texas, was on
10th day of February, 1941, duly and legally chosen
by Commissioners Court of Brewster County, Texas,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable C. E. Patterson, Page 2

as County Depository, for said County, for a
period of two years, ending 60 days from the
date of the time fixed by law for the next
selection of a depository.' Then the rest
of said contract recites conditions of same,
as provided by statute."

The duties of county depositories are prescribed in
detail by the statutes, namely, Articles 2544-2558a, Vernon's
Annotated Civil Statutes. As a general rule a depository is
not relieved from liability until the funds deposited with it
come into the control and custody of the proper officials.
And the liability may not be discharged through a secret
arrangement, not equivalent to payments, made between an in-
coming and retiring depository. (State v. Tyler County Bank,
282 S. W. 211; Teague Independent School District v. First
State Bank, 241 S. W. 608)

Article 2544, Vernon's Annotated Civil Statutes, pro-
vides, in part:

"The Commissioners Court of each county is
hereby authorized and required at the February
Regular Term thereof next following each general
election to enter into a contract with any bank-
ing corporation, association or individual banker
in such county for the depositing of the public
funds of such county in such bank or banks. . . ."

Article 2545, Vernon's Annotated Civil Statutes, reads
as follows:

"Any banking corporation, association or
individual banker in such county desiring to
be designated as county depository shall make
and deliver to the County Judge an application
applying for such funds and said application
shall state the amount of paid up capital stock
and permanent surplus of said bank and there
shall be furnished with said application a
statement showing the financial condition of
said bank at the date of said application which
shall be delivered to the County Judge on or
before the first day of the term of the Commis-
sioners Court at which the selection of the

Honorable C. E. Patterson, Page 3

depositories is to be made. Said application shall also be accompanied by a certified check for not less than one-half of one per cent of the county's revenue for the preceding year as a guarantee of the good faith on the part of said bank, and that if said bank is accepted, as county depository, that it will enter into the bond hereinafter provided. Upon the failure of the banking corporation, association, or individual banker in such county that may be selected as depository, to give the bond required by law, the amount of such certified check shall go to the county as liquidated damages and the county judge shall readvertise for applications, if necessary, to obtain a county depository for said county."

Article 2546, Vernon's Annotated Civil Statutes, provides in part:

"It shall be the duty of the Commissioners Court at ten O'clock a.m. on the first day of each term at which banks are to be selected as county depositories, to consider all applications filed with the County Judge, cause such applications to be entered upon the minutes of the Court and to select those applicants that are acceptable and who offer the most favorable terms and conditions for the handling of such funds and having the power to reject those whose management or condition, in the opinion of the Court, does not warrant placing of county funds in their possession. . . ."

It will be noted that Article 2545, supra, specifically provides that "Upon the failure of the banking corporation, association, or individual banker in such county that may be selected as depository, to give the bond required by law, the amount of such certified check shall go to the county as liquidated damages and the county judge shall readvertise for applications, if necessary, to obtain a county depository for said county." It will be further noted, that the statute (Articles 2567-2569, Vernon's Annotated Civil Statutes) provides for the selection of a depository upon the insolvency of a bank which is a county, city or district depository.

It is stated in Corpus Juris Secundum, Vol. 26, p. 752:

Honorable C. E. Patterson, Page 4

"Under some statutes an annual designation of depositaries is required, and in such case designation of the depository continues for a period of a year only. The term of a depositary is not limited to one year by a statute requiring the board of deposits to meet at a specified time annually, or at any time summoned, to designate the banks of the state deemed eligible for deposits. A statutory provision requiring the selection of a depositary every two years has been held mandatory. Where neither statute nor agreement fixes the term of the depositary, the relation continues during the mutual will of the parties to the contract, and a designation will be presumed to continue until a change is shown. In such case the government may terminate the relationship whenever the public safety requires it, but only by notice of the election to withdraw the deposit. The depositary may terminate the relationship only by notice of its election to that effect and the tender of the deposit. A redesignation of a depositary is not necessary where the appointment is expressly stated to continue until there is a new advertisement for bids. Although there is authority to the contrary, it is generally held that, where the power to appoint is given in general terms, the appointing authority cannot bind itself by appointing for any definite time, but has at all times discretionary power of revocation; and unless there is express authority to make a designation for a definite time, the appointing power cannot make a binding appointment for a term extending beyond its own term of office, but the successor has the right, on assuming the office, to make its own designation. . . ."

We think that under the above mentioned statutes there is express authority to make a designation of a county depository for a definite time, namely, two years. And as above stated, a statutory provision requiring the selection of a depository every two years has been held mandatory. (In re Cameron Trust Company, 51 S. W. (2d) 1025)

Honorable C. E. Patterson, Page 5

For the purposes of this opinion, we must assume that the contract between the bank and the county is a valid and binding contract and that it was to continue for a period of two years. We think that the above mentioned statutes and the contract itself fix the term of the depository, and that such relation continues for such time and cannot be terminated at will by either party to the contract. Therefore, we respectfully answer the above stated question in the negative.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:GO

APPROVED OPINION COMMITTEE BY _____ CHAIRMAN

APPROVED AUG 18, 1941

*Robert E. Kepone*

Acting ATTORNEY GENERAL OF TEXAS